*1024957973*

STATE O
CLEVELAND COUNTY } S.S.
FILED

MAY 20 2014

In The Office of the
Court Clerk RHONDA HALL

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

JUSTINE DAILY,

Plaintiffs,

*versus*

USAA CASUALTY INSURANCE COMPANY,

Defendant.

Case No. CJ-2014-691 TS

PETITION

**COME NOW** the Plaintiff, Justine Daily (hereinafter "Plaintiff"), for her claims against Defendants, USAA Casualty Insurance Company (hereinafter "USAA"), states as follows:

1. Plaintiffs is a resident of Cleveland County, Oklahoma.

2. Defendant USAA is a corporation incorporated under the laws of the State of Texas.

3. Plaintiff entered into a contract of insurance with Defendant USAA to provide coverage for her residence, household contents, and personal property. Plaintiff's insured property is located in Cleveland County, Oklahoma.

4. Thereafter, Defendant USAA issued the Homeowners Policy of insurance (Policy No. 020530046/90A) to the Plaintiff.

5. USAA represented to the Plaintiff, directly and through its agents that it would conduct itself in accordance with Oklahoma law and would fully and fairly investigate and pay claims. Plaintiff relied on said representations.

6. On or about the 20th day of May, 2013, Plaintiff's property, which was insured by the subject homeowners policy of insurance, was heavily damaged as the direct result of a catastrophic tornado.

7. Consequently, Plaintiff properly and timely submitted a claim to Defendant USAA for the property damage resulting from the May 20, 2013, tornado.

8. Defendant USAA confirmed Plaintiff's property had in fact sustained direct physical damage as a result of catastrophic tornado which occurred on or about the 20th day of May, 2013, and that said loss was covered under the terms and conditions of Plaintiff's homeowners policy with USAA.

9. Subsequently, Defendant USAA paid portions of Plaintiff's claim based on its purported investigation and estimate.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

10. Plaintiff entered into a contract of insurance with Defendant USAA to provide coverage for her dwelling and personal property. The Homeowners Policy with Defendant USAA was in full force and effect at all material times hereto.

11. Plaintiff provided proper and timely notice to Defendant USAA of her claims arising from the catastrophic tornado of May 20, 2013.

12. Plaintiff has in all material ways, complied with the terms and conditions of the policy.

13. Defendant USAA, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits to which she is entitled under the terms and conditions of the policy.

14. As a result of Defendant USAA's breach of contract and other wrongful conduct, Plaintiff has sustained financial losses, mental and emotional distress and have been damaged in an

amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

**SECOND CAUSE OF ACTION**
**BAD FAITH**

Plaintiff adopts and re-plead paragraphs 1 through 14 above, and for her claim against Defendant USAA further allege as follows:

15. Defendant USAA owed a duty to Plaintiff to deal fairly and in good faith.

16. Defendant USAA breached its duty to deal fairly and in good faith by engaging in the following acts and omissions:

a. failing to pay the full and fair amount for the property damage sustained by Plaintiff from the May 20, 2013, tornado in accordance with the terms and conditions of her insurance policy;

b. failing to pay all additional coverages due and owing to Plaintiff under the terms and conditions of her homeowners policy of insurance, thereby unfairly and without valid basis, reducing the fair amount of Plaintiff's claim;

c. purposefully, wrongfully and repeatedly withholding pertinent benefits, coverages and other provisions due Plaintiff under the terms and conditions of her insurance policy in violation of the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16;

d. purposefully, wrongfully and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim;

e. forcing Plaintiff to retain counsel to recover insurance benefits to which she was entitled under the terms and conditions of the insurance contract;

f. failing to conduct a fair and objective investigation of the damage to Plaintiff's home; and,

g. intentionally engaging in outcome-oriented investigation.

17. Defendant USAA's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code. USAA's failure to implement and/or follow Oklahoma's statutory Insurance Code constitutes bad faith.

18. The conduct of Defendant USAA, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties.

19. As a direct result of Defendant USAA's bad faith, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongly underpaid. Said actions resulted in additional profits and financial windfall for Defendant USAA.

20. As a result of Defendant USAA's conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

21. Defendant USAA's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

22. Plaintiff further alleges Defendant USAA enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiffs.

## THIRD CAUSE OF ACTION
## NEGLIGENCE

Plaintiff adopts and re-pleads paragraphs 1 through 22 above, and for her additional claims against Defendant USAA do hereby and further allege as follows:

23. At the time the policy was sold, Defendant had a duty and were obligated to utilize

reasonable valuation methodology to determine the costs which Defendant considered necessary to cover the replacement cost of Plaintiff's dwelling. Defendant was then prohibited from writing more insurance than they considered necessary to cover the replacement cost of Plaintiff's dwelling as determined at the time the subject policy was written.

24. Thereafter, Defendant owed a duty to Plaintiff to exercise good faith, reasonable care, skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage once the insured-insurer relationship was established.

25. Defendant breached their duties to Plaintiff to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiff's dwelling.

26. Defendant's breach resulted in both inconsistent and inaccurate replacement cost valuations resulting in Plaintiff having policy limits and corresponding premiums which did not accurately reflect the risks insured.

27. Defendants further breached their duties by automatically applying USAA's yearly inflationary adjustments which were used to automatically increase Plaintiff's policy limits and premiums, without any regard to whether or not the provision was necessary considering the dwelling's current valuation.

28. The conduct and inconsistencies referenced herein violates Defendant's duties of good faith dealing implicit in the contract of insurance with Plaintiff.

29. Defendant's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code. Defendant's failure to implement and/or follow Oklahoma's statutory Insurance Code also constitutes bad faith. Defendant's conduct referenced herein constitutes a breach of this duty of good faith which is inherent in all contracts within the State Of

Oklahoma.

30. Defendant's failure to procure the proper insurance product morally and legally requires it be held to a duty of reasonable care, and that the burden of the resulting liability for the breach of this duty be imposed upon it. This duty exists due to the forseeability of the harm to Plaintiff which could occur as a result of USAA's negligence in failing to procure insurance which appropriately represented the risk it assumed; the procurement of improper insurance is the direct cause of the harm and injury suffered by Plaintiff; and the moral blame for the failure to procure and underwrite the correct policy lies with the Defendant. Further, the burden on the Defendant of imposing a duty to exercise care in procuring and underwriting the correct policy for the needs of the insured (with resulting liability for breach) is minimal, given the purported expertise of the Defendant, and its' representations that it is an expert in the field of providing insurance coverage to the general public, such as Plaintiff.

31. Plaintiff relied on the Defendant to conduct an appropriate underwriting analysis to ensure and maintain an insurance policy which provided appropriate coverage.

32. The Defendant breached its' duty owed to Plaintiff by failing to conduct an appropriate underwriting analysis which resulted in issuing a policy of insurance to Plaintiff that did not provide appropriate coverage to Plaintiff for her home and personal property.

33. As a result of the Defendant's conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

34. The conduct of Defendant was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiff, and/or was grossly negligent, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, Plaintiff prays for judgment in her favor and against Defendants, USAA Casualty Insurance Company for:

a) Payment for all contractual benefits for all coverages afforded to Plaintiff under the subject homeowners policy of insurance for damage to her property caused by the May 20, 2013, tornado, with interest on all amounts due;

b) Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c) Disgorgement of the increased financial benefits derived by any and/or all of the Defendants as a direct result of the Defendants' wrongful conduct;

d) Actual and punitive damages each in an amount in excess of $75,000.00; and,

e) Prejudgment interests, costs and attorneys' fees.

Respectfully submitted,

JEFF D. MARR, OBA No. 16080
CAROLE DULISSE, OBA No. 18047
MARR LAW FIRM
4301 Southwest Third Street
Suite 110
Oklahoma City, Oklahoma 73108
Telephone: (405) 236-8000
Facsimile: (405) 236-8025
Email: jeffdmarr@marrlawfirm.com
cdulisse@marrlawfirm.com
*Attorneys for Plaintiff*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**