## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JUSTINE DAILY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | Case No.   5:14-cv-00550-HE |
| ) | |
| **USAA CASUALTY INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

**COME NOW** the Plaintiff, Justine Daily (hereinafter "Plaintiff"), for her claims against Defendants, USAA Casualty Insurance Company (hereinafter "USAA"), states as follows:

1. Plaintiff is a resident of Cleveland County, Oklahoma.

2. Defendant USAA is a corporation incorporated under the laws of the State of Texas.

3. Plaintiff entered into a contract of insurance with Defendant USAA to provide coverage for her residence, household contents, and personal property. Plaintiff's insured property is located in Cleveland County, Oklahoma.

4. Thereafter, Defendant USAA issued the Homeowners Policy of insurance (Policy No. 020530046/90A) to the Plaintiff.

5. USAA represented to the Plaintiff, directly and through its agents that it would conduct itself in accordance with Oklahoma law and would fully and fairly

1

investigate and pay claims.  Plaintiff relied on said representations.

6.     On or about the 20th day of May, 2013, Plaintiff's property, which was insured by the subject homeowner's policy of insurance, was heavily damaged as the direct result of a catastrophic tornado.

7.     Consequently, Plaintiff properly and timely submitted a claim to Defendant USAA for the property damage resulting from the May 20, 2013, tornado.

8.     Defendant USAA confirmed Plaintiff's property had in fact sustained direct physical damage as a result of catastrophic tornado which occurred on or about the 20th day of May, 2013, and that said loss was covered under the terms and conditions of Plaintiff's homeowners policy with USAA.

9.     Subsequently, Defendant USAA paid portions of Plaintiff's claim based on its purported investigation and estimate.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

10.    Plaintiff entered into a contract of insurance with Defendant USAA to provide coverage for her dwelling and personal property.  The Homeowners Policy with Defendant USAA was in full force and effect at all material times hereto.

11.    Plaintiff provided proper and timely notice to Defendant USAA of her claims arising from the catastrophic tornado of May 20, 2013.

12.    Plaintiff has in all material ways, complied with the terms and conditions of the policy.

13. Defendant USAA, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits to which she is entitled under the terms and conditions of the policy.

14. As a result of Defendant USAA's breach of contract and other wrongful conduct, Plaintiff has sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
## BAD FAITH

Plaintiff adopts and re-plead paragraphs 1 through 14 above, and for her claim against Defendant USAA further allege as follows:

15. Defendant USAA owed a duty to Plaintiff to deal fairly and in good faith.

16. Defendant USAA breached its duty to deal fairly and in good faith by engaging in the following acts and omissions:

a. failing to pay the full and fair amount for the property damage sustained by Plaintiff from the May 20, 2013, tornado in accordance with the terms and conditions of her insurance policy;

b. failing to pay all additional coverages due and owing to Plaintiff under the terms and conditions of her homeowners policy of insurance, thereby unfairly and without valid basis, reducing the fair amount of Plaintiff's claim;

c. purposefully, wrongfully and repeatedly withholding pertinent benefits,

coverages and other provisions due Plaintiff under the terms and conditions of her insurance policy in violation of the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16;

    d.    purposefully, wrongfully and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim;

    e.    forcing Plaintiff to retain counsel to recover insurance benefits to which she was entitled under the terms and conditions of the insurance contract;

    f.    failing to conduct a fair and objective investigation of the damage to Plaintiff's home; and,

    g.    intentionally engaging in outcome-oriented investigation.

17.    Defendant USAA's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code. USAA's failure to implement and/or follow Oklahoma's statutory Insurance Code constitutes bad faith.

18.    The conduct of Defendant USAA, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties.

19.    As a direct result of Defendant USAA's bad faith, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongly underpaid. Said actions resulted in additional profits and financial windfall for Defendant USAA.

20.    As a result of Defendant USAA's conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of

Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

21. Defendant USAA's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

22. Plaintiff further alleges Defendant USAA enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, Plaintiff prays for judgment in her favor and against Defendants, USAA Casualty Insurance Company for:

a) Payment for all contractual benefits for all coverages afforded to Plaintiff under the subject homeowners policy of insurance for damage to her property caused by the May 20, 2013, tornado, with interest on all amounts due;

b) Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c) Disgorgement of the increased financial benefits derived by any and/or all of the Defendants as a direct result of the Defendants' wrongful conduct;

d) Actual and punitive damages each in an amount in excess of $75,000.00; and,

e) Prejudgment interests, costs and attorneys' fees.

          Respectfully submitted,

          /s/ Carole Dulisse
          JEFF D. MARR, OBA No. 16080
          CAROLE DULISSE, OBA No. 18047
          MARR LAW FIRM
          4301 Southwest Third Street
          Suite 110
          Oklahoma City, Oklahoma 73108
          Telephone: (405) 236-8000
          Facsimile: (405) 236-8025
          Email: jeffdmarr@marrlawfirm.com
                 cdulisse@marrlawfirm.com
          *Attorneys for Plaintiff*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

On the 31st day of July, 2014, this was served in compliance with Rule 5 of the Federal Rules of Civil Procedure to the following counsel of record:

Jodi W. Dishman
Andrew J. Morris
William Leach
McAfee & Taft A Professional Corporation
211 North Robinson, 10th Floor
Oklahoma City, OK  73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
Email: Jodi.dishman@mcafeetaft.com
        Andrew.morris@mcafeetaft.com
        Bill.leach@mcafeetaft.com
*Attorneys for Defendant*

/s/ Carole Dulisse
CAROLE DULISSE